```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/9/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA              :

       - against -               :    **MEMORANDUM DECISION**

ANTHONY MARTIN,                       :    07 Cr. 1029 (DC)

            Defendant.              :

- - - - - - - - - - - - - - - - - -x

**APPEARANCES:**   PREET BHARARA, Esq.
               United States Attorney
                 for the Southern District of New York
                   By:  Reed M. Brodsky, Esq.
                      Assistant United States Attorney
             1 St. Andrew's Plaza
             New York, NY  10007

             ALEXANDER E. EISEMANN, Esq.
             20 Vesey Street, Suite 400
             New York, NY  10007

**CHIN, District Judge**

       On July 2, 2009, following a three-week trial, the jury in this case convicted defendant Anthony Martin of one count of conspiracy to commit securities fraud and wire fraud and one count of securities fraud.  Martin moves pursuant to Federal Rules of Criminal Procedure 29 and 33 for a judgment of acquittal or a new trial.  He argues principally that the Government's "honest services" theory of prosecution for the wire fraud object of the conspiracy count is unconstitutional.

       The wire fraud statute, 18 U.S.C. § 1343, makes it a crime for someone to devise a scheme or artifice to defraud "by means of wire."  Pursuant to § 1346, the term "scheme or artifice

to defraud" includes a "scheme or artifice to deprive another of the intangible right of honest services."

Martin argues that the Government is seeking to improperly stretch the honest services language of 18 U.S.C. § 1346 to cover a breach of a private employment contract. (Def. Mem. at 7-8). He notes that the Supreme Court has granted certiorari to address the issue in Black v. United States, 129 S. Ct. 2379 (2009). Indeed, the Supreme Court heard argument in the Black case and a related case yesterday. See Adam Liptak, Justices Appear Skeptical of Anticorruption Law, N.Y. Times, Dec. 9, 2009; see also John Schwartz, Justices to Weigh Honest-Services Law, N.Y. Times, Dec. 7, 2009.

To the extent that Martin is arguing that the honest services wire fraud statute is unconstitutional on its face, the argument is foreclosed by United States v. Rybicki, 354 F.3d 124, 144 (2d Cir. 2003) (en banc), where the Second Circuit held that the statute is not unconstitutionally vague on its face.

Rybicki also forecloses Martin's argument that the honest services wire fraud statute is unconstitutional as applied to his conduct. In Rybicki, the Second Circuit upheld the application of the honest services wire fraud statute to defendants who used the wires "to induce insurance adjusters, who were purporting to act for and in the interests of their employer insurance companies, secretly to expedite insurance claims in order to advance their own interest in receiving payments from the defendants." Id. at 142. The actions were not disclosed to

the employer insurance companies, and, the Second Circuit held, the resulting material omission fell squarely within the scope of the honest services statute.  The court held that the defendants used the wires and mail, "in effect, to pay off insurance adjusters."  Id.

Here, Martin's conduct was similar.  He was part of a conspiracy that used the wires to pay off brokers, like Martin, who were supposed to be acting in the interests of their employer brokerage firms, to purchase Smart Online stock for customers, thereby advancing their own interests and the interests of their co-conspirators.  To the extent Martin is arguing that Rybicki was wrongly decided, the argument fails, for at this point I am bound by Rybicki.  I cannot reject Rybicki on the assumption the Supreme Court will rule the other way.

Martin also argues that he could not have conspired to deprive his employer, Maxim, of its right to honest services because he was under no duty to disclose the additional compensation he received for selling Smart Online stock.  (Def. Mem. at 6).  The argument fails.  First, putting aside the issue of nondisclosures, the evidence showed that Martin made affirmative misrepresentations to his customers, misrepresenting that he had been in contact with the CEO of the company, he had done so several times within the course of buying and selling the stock, he had had phone conversations with the CEO, and that new financing was coming into the company.  (See Gov't Mem. at 8 (citing trial transcript)).  Second, surely Martin had an

obligation to disclose to his employer that he was receiving extra compensation to sell Smart Online stock when he knew, as the evidence showed, that doing so was in violation of his employer's rules.

Finally, I note that Martin also had an obligation, when he was pushing his customers to buy Smart Online stock, to disclose to them that he was receiving extra compensation for any such stock he sold. A reasonable customer surely would have wanted to know that Martin was pushing the stock, at least in part, because he was getting paid extra to do so. The failure to disclose this information was a material omission intended to further defendants' scheme to defraud.

Martin has shown no basis for setting aside the jury's verdict or for a new trial. His motion is denied in all respects.

SO ORDERED.

Dated:   New York, New York
         December 9, 2009

_____
DENNY CHIN
United States District Judge